Eric **APONTE** and Elba Garcia, Plaintiff,

v.

**PUERTO RICO MARINE MANAGEMENT, INC.,** Defendant.

Civ. No. 91–2222 (JP).

United States District Court, D. Puerto Rico.

Aug. 31, 1993.

Harry Anduze Montano, Hato Rey, PR, for plaintiff.

Rafael Cuevas Kuinlam, Hato Rey, PR, for defendant.

## OPINION & ORDER

PIERAS, District Judge.

In an Opinion & Order dated July 20, 1992, the Court granted the defendant's unopposed Motion for Summary Judgment and/or to Dismiss for Lack of Jurisdiction and ordered that plaintiffs' complaint be dismissed in its entirety. In its Opinion & Order, the Court held that the two causes of action advanced by the plaintiffs—wrongful dismissal and libel/slander—were not validly set forth in the plaintiffs' complaint. In a decision dated March 16, 1993, the First Circuit reversed in part the Court's Opinion & Order, holding that the dismissal of the plaintiffs' libel claim was improper because the defendant's Motion for Summary Judgment and/or to Dismiss for Lack of Jurisdiction did not seek summary judgment on that claim. The plaintiffs' libel claim was duly reinstated. The defendants then filed, on March 24, 1992, a Motion for Summary Judgment on the claim, which is now before the Court (docket No. 37). For the reasons set forth below, the defendant's motion is hereby **GRANTED**.

## I. Background

Plaintiff Eric Aponte was employed by defendant Puerto Rico Marine Management, Inc. (hereinafter "PRMMI") from January 18, 1985, until October 31, 1990, when he was discharged. Upon his discharge, plaintiff occupied the position of the General Manager of Operations for the San Juan Office of PRMMI. In his complaint Aponte alleged that his discharge was without just cause and that PRMMI intentionally and maliciously libeled him through the publication of his letter of discharge and by misinforming the press about the events related to an investigation which led to his firing. The letter of discharge stated:

Dear Mr. Aponte:

After a detailed audit was conducted of your Department, we have concluded that you have been in violation of Company policy, you have failed to adhere to standard operating procedures and you have been grossly negligent in the performance of your duties.

Due to the above, you are hereby notified that your employment with this Company is terminated effective Wednesday, October 31, 1990.

Copies of this letter were provided to the plaintiff, to Jim Ryan (PRMMI Director of Security), Raúl Malavet (PRMMI Director of Security for Puerto Rico) and Rafael Fábregas (Executive Director of Navieras). Since the filing of his complaint, the plaintiff has conceded that he has no evidence that any officer of PRMMI misinformed the press. In addition, he has conceded that he has no evidence of intracorporate correspondence implicating him in criminal activities other than his letter of termination.

The defendants have moved for summary judgment on the following four grounds: (1) the libel cause of action is barred by the

exclusive remedy provision of Puerto Rico Act 80, 29 L.P.R.A. § 185a *et seq.;* (2) the letter of termination was not libelous; (3) the letter of termination was not published; and (4) the letter of termination, even if published, was privileged. The Court will consider each of these arguments in turn.

## II. Discussion

### A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Brennan v. Hendrigan,* 888 F.2d 189, 191 (1st Cir.1989); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 894 (1st Cir.1988). Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. *Kennedy v. Josephthal & Co.,* 814 F.2d 798, 804 (1st Cir.1987); *Peckham v. Ronrico Corp.,* 171 F.2d 653 (1st Cir.1948). *But see also Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990) (court need not credit "conclusory allegations, improbable inferences, and unsupported speculation.") A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. *Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir. 1989); *Anderson v. Liberty Lobby,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A "material" fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. *Mack, supra,* at 181.

### B. Exclusivity of Act No. 80 Remedies

The defendant argues that since the reasons set forth in the letter of discharge are related to the plaintiff's termination, the plaintiff's recovery is limited to the remedies set forth in Act No. 80 for a wrongfully discharged employee. This argument fails. Indemnization under Act No. 80 is the exclusive remedy available to an employee who is wrongfully discharged. Act No. 80 does not, however, shield an employer from civil liability if it intentionally or negligently commits any tortious or libelous act concomitantly with the termination. *Accord Rivera v. Security National Life Insurance Co.,* 106 P.R.R. 727, 738 (1977) (Act No. 80 remedies "naturally do not exclude the civil liability of an employer for tortious conduct other than the mere violation of a labor law provision."). An employee may bring libel action against former employer for remarks in letter of dismissal since libel cause of action is "independent to the dismissal of the employee." *Porto v. Bentley of Puerto Rico, Inc.,* slip op. No. 92–148 (Dec. 23, 1992). The plaintiffs' libel cause of action is therefore not precluded by Act No. 80.

### C. Letter of Termination not Libelous

In a related vein, the defendant argues that since the reasons stated in the letter of termination are a reflection of the standards for just cause termination under Act No. 80, *see* 29 L.P.R.A. § 185b(c), the plaintiff cannot claim that the letter constitutes an independent cause of action libel. This argument is also unavailing. Charging an employee with wrongful conduct which constitutes a basis for just cause termination under Act No. 80, if proven to be published, malicious, untrue and injurious to the employee's reputation, is an act of libel for which the discharged employee can recover. *See* 32 L.P.R.A. § 3111 *et seq.; Torres Silva v. El Mundo,* 106 D.P.R. 417, 427 (1977) (listing elements of a libel action). The fact that the charges follow the standards set for in Act No. 80 do not insulate the defendants. The defendants did not, as they allege, merely "restate the legal definition of 'just cause' " in the termination letter. Rather, they charged the plaintiff with conduct that falls under this definition.[1] If proven to satisfy all of the essential elements of libel under Puer-

---

1. The plaintiff argues that the defendant cannot claim that the plaintiff's termination was with just cause because the defendant had assumed a different posture earlier in this litigation. This is

to Rico law, this claim could provide a basis for recovery.

## D. Letter of Termination not Published or, If Published, Was Privileged

■ Under the Puerto Rico Libel and Slander Act, a communication which might otherwise be considered libelous does not give rise to a cause of action for libel if it is between persons having a business partnership or similar association. 32 L.P.R.A. § 3145. In the recent case of *Porto v. Bentley of Puerto Rico, Inc.*, *supra*, the Supreme Court of Puerto Rico recognized that where an employee is dismissed a libel action may be maintained by the employee based on remarks made in an intracorporate communication. The Court noted, however, that "for the sake of good business operation, there exists a legitimate interest to freely communicate the reasons for an employee's dismissal to those persons with a right to be so informed." Under the facts present in *Porto*, the Court ruled that the plaintiff could not recover for libel based on a communication made within the defendant company to its Human Resources Director who had duties which obliged him to be so informed.

In this case, the plaintiff argues that the communications to Jim Ryan, the PRMMI Director of Security, Raúl Malavet, the PRMMI Director of Security for Puerto Rico, and Rafael Fábregas, the Executive Director of Navieras de Puerto Rico, were libelous because they were made outside the company and in bad faith since the defendant has admitted that the plaintiff's termination was without just cause. The Court has already rejected this second contention. *See* footnote 1, *supra*. As for the contention that the three individuals listed above were not part of the PRMMI organization, it is flatly incorrect.

The defendants have alleged that they acted in good faith because each of the individuals who were told of the reasons for the plaintiff's dismissal had duties which required that they be so informed. As the PRMMI Director of Security, Jim Ryan was

responsible for overseeing all investigations in which funds of the company were suspected to be in jeopardy. As the PRMMI Director of Security for Puerto Rico, Raúl Malavet was responsible for performing these kinds of investigations in Puerto Rico. As a result, both had duties which directly involved the investigation and participation in the subsequent decision to terminate the plaintiff. As the Director of Navieras, Rafael Fábregas had a right and a duty to safeguard all of the company's assets. He therefore also had duties which required his direct participation into the investigation and subsequent decision to terminate the plaintiff.

The plaintiffs do not challenge the fact that these three individuals performed the described functions within the company. Rather, they seek to have the *Porto* decision limited to its facts. They argue that the decision provides only a "limited conditional privilege" for communications made in good faith to a supervisor of the discharged employee or a company's director of personnel. The narrow interpretation of *Porto* urged by the plaintiffs is not warranted, however. The legal proposition established by the case, which is broader than its facts, is that intracorporate communications made in good faith to persons with a right to be so informed are not libelous. Having rejected the plaintiffs' bad faith argument, and further finding that the plaintiff has not challenged the fact that the intracorporate communications which are challenged were made to individuals with duties that required them to be so informed, the Court finds that the plaintiff has not stated a valid claim for libel.

## III. Conclusion

The plaintiffs have failed to state an actionable claim for libel under Puerto Rico law. The defendant's Motion for Summary Judgment must therefore be **GRANTED**. Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

not so. The defendant merely accepted, for purposes of an earlier motion filed, the plaintiff's

allegation that the dismissal was without just cause.