Jose A. RAMIREZ DE ARELLANO
et al., Plaintiffs,

v.

AMERICAN AIRLINES, INC., Defendant.

Civil No. 93–1337(DRD).

United States District Court,
D. Puerto Rico.

Feb. 27, 1997.

Carlos Del–Valle–Cruz, Puerta de Tierra, San Juan, PR, for Jose Ramirez de Arellano, Marta Vargas–Suarez, German Ramirez–de–Arellano, Conjugal Partnership Ramirez–Vargas.

Luis D. Ortiz–Abreu, Goldman, Antonetti & Cordova, San Juan, PR, Jorge L. Capo–Matos, Maria de Lourdes Medina, O'Neill & Borges, Hato Rey, PR, for American Airlines, Inc.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Plaintiff in the above-captioned case claims that he was dismissed without just cause by defendant American Airlines, Inc. in contravention to Puerto Rico's severance law, known as Law 80 of 1976, P.R.Laws Ann. tit. 29, § 185a et seq.; that he was dismissed in retaliation for claiming wages in violation of both Puerto Rico law and the federal Fair Labor Standards Act, 29 U.S.C. §§ 206, 215; that he was slandered and defamed under Puerto Rico law; and, finally, that he was terminated because of his age in violation of Puerto Rico law, Law 100 of June 30, 1976, P.R.Laws Ann. tit. 29, § 146 et seq.

Plaintiff, in his opposition to the Motion for Summary Judgment, voluntarily dismissed his claim as to age discrimination (Docket No. 29, p. 2). Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 27); Plaintiffs' Opposition (Docket No. 29), and Defendant's Reply (Docket No. 33).

Plaintiffs have alleged two bases for jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332; and federal question jurisdiction under 28 U.S.C. § 1331, given there claims under 29 U.S.C. §§ 216 & 217 (Fair Labor Standards Act).

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to receive judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material if, under the applicable substantive law, it may affect the result of the case. *Ortega–Rosario v. Alvarado–Ortiz,* 917 F.2d 71 (1st Cir.1990). A dispute is genuine only if there is conflicting evidence that requires a trial to resolve the discrepancy. *Ortega–Rosario,* 917 F.2d at 71. The Court examines the record in the light most favorable to the non-movant, indulging all reasonable inferences in favor of that party. *Le Blanc v. Great American Insurance,* 6 F.3d 836, 841 (1st Cir.1993), *cert. denied,* 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994).

In the instant case, the plaintiff voluntarily submitted his termination matter to American Airlines' "Grievance and Discharge Protect Procedures" codified in Registration Number 135–4.[1] The assigned hearing officer decided the case against the plaintiff and he subsequently failed to timely appeal. Since there exists a "strong federal policy favoring voluntary arbitration," *Garcia v. American Airlines,* 673 F.Supp. 63, 67 (D.P.R.1987), the Court concludes that all matters relating to plaintiff's termination are precluded from being raised in this court due to the applicability of the doctrine of res

---

1. At the time of dismissal, Plaintiff had received a first advisory discipline notice and second advisory discipline notice as part of progressive discipline for violation of company rules.

judicata. Since the arbitration is local in nature, federal courts look to state law to determine the preclusive effect of res judicata. *Rojas–Hernandez v. Puerto Rico Elec. Power Authority,* 925 F.2d 492, 494 (1st Cir. 1991). P.R.Laws Ann. tit. 31, § 3343 establishes that for res judicata to apply, there must be present the most perfect identity between the things, causes and persons of the litigants and their capacity as such between the prior case and the current case. *Rojas–Hernandez,* 925 F.2d at 494. All criteria are met. Under Puerto Rico Law, as well as under the common law, res judicata applies between an arbitrator and the courts. *Pagan Hernandez v. U.P.R.,* 107 P.R.Dec. 721, 731–33 (1978); *United States v. Utah Const. & Min. Co.,* 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1559–60, 16 L.Ed.2d 642 (1966). Plaintiff may not unilaterally disengage the gears of arbitration and file in court once he has voluntarily submitted to arbitration. *Nghiem v. NEC Electronic, Inc.,* 25 F.3d 1437, 1439 (9th Cir.), *cert. denied,* 513 U.S. 1044, 115 S.Ct. 638, 130 L.Ed.2d 544 (1994); *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Independent Truck Drivers Union, Local No. 1,* 611 F.2d 580, 584 (5th Cir.1980). Furthermore, "as a matter of federal law any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler Plymouth Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 3353–54, 87 L.Ed.2d 444 (1985). Local courts have also reached the same conclusion as to the preclusive effect of submittal to voluntary arbitration. *Marin v.*

*American Airlines,* 88 S.T.S. 38.[2] The reasoning of the local trial court in *Marin* was that the parties had agreed to substitute a determination of an arbitrator for that of the court and hence Plaintiff was barred from relitigating the matter. *UIL de Ponce v. Destileria Serralles, Inc.,* 116 P.R.Dec. 348 (1985); *Hernandez v. Asoc. Hospital del Maestro,* 106 P.R.Dec. 72 (1977); *Rivera Adorno v. Autoridad de Tierras,* 83 P.R.Dec. 258 (1961). This Court adds that Plaintiff simply entered into a valid personal arbitration contract when he accepted to arbitrate the matter of his termination pursuant to the grievance agreement established by American Airlines, Inc.[3] Under Puerto Rico law, the unilateral offer to arbitrate a grievance offered by American Airlines, when accepted by the employee, constituted a valid contract. II–1 Puig Brutau, *Fundamentos de Derecho Civil,* 172 (1988); *Enrique Gonzalez v. Benigno Alicea,* 93 J.T.S. 16 at 10381.[4]

Plaintiff's severance and Law 80 claims together with the claim for retaliatory dismissal under Puerto Rico law, are therefore, **dismissed.** The claim of one day of pay under Puerto Rican Law is **dismissed** because it is closely intertwined with the merits of the dismissal of plaintiff. Plaintiff's alleged claim under the Federal Labor Standards Act is also dismissed because it is evident that under the facts alleged in the case he was not making a claim for federal minimum wage and/or federal overtime compensation.[5] (The lack of payment of one day was not a claim for minimum wage nor federal overtime in excess of forty.) Plaintiff's claim for age discrimination under Puerto Rican Law has been voluntarily dismissed.

**2.** Although the decision is a state trial court decision (Tribunal Superior), said precedents may be used by district courts sitting in diversity. *American Eutectic Weld. Alloys Sales Co., Inc. v. Rodriguez,* 480 F.2d 223, 228 (1st Cir.1973).

**3.** Local courts authorize submittal to arbitration not only of statutory matters but also claims of constitutional dimensions. *Pagan v. Fundacion Dr. Pila,* 114 P.R.Dec. 224 (1983).

**4.** Compliance with all requisites of a contract is met under Puerto Rican law, Articles 1213 and 1214 of the Civil Code, P.R.Laws Ann. tit. 31, §§ 3391, 3401.

**5.** There is no doubt that Plaintiff was not dismissed for making any claim under the FLSA for federal minimum wage and/or overtime in excess of forty hours under the federal law. Neither was there any pending federal investigation on this matter. There is thus no federal claim under the FLSA that would be precluded from arbitration under *Barrentine v. Arkansas–Best Freight System, Inc.,* 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981). On the other hand, all claims under local statutes and the constitution may be validly arbitrated. *Pagan v. Fundacion Dr. Pila,* 114 P.R.Dec. 224 (1983).

Plaintiff further alleges that he was defamed when a letter was read to him by his supervisor containing defamatory language accusing him of dishonesty. The persons present were Plaintiff's immediate supervisor, Ilsa Martinez, an employee, Mario Candis, and another supervisor, Hiram Delgado. Plaintiff has a potential cause of action under Puerto Rico's Constitution for protection from abusive attacks to his honor and reputation, and further under the local libel and slander laws. *Cortes Portalatin v. Hau,* 103 P.R.Dec. 734, 738 (1975); *Garcia Cruz v. El Mundo, Inc.,* 108 P.R.Dec. 174, 180 (1978); *Clavell v. El Vocero de P.R.,* 115 P.R.Dec. 685, 690 (1984); *Acevedo Santiago v. Western Digital,* 96 J.T.S. 42. The Supreme Court of Puerto Rico has recognized a constitutional immunity under local law for communications among the members of a company that have a legitimate interest in knowing the reasons for an employee's dismissal. *Porto v. Bentley,* 92 JTS 175 at 10247; *Aponte v. Puerto Rico Marine Management,* 830 F.Supp. 95, 98 (D.P.R.1993); *Acevedo Santiago v. Western Digital,* 96 J.T.S. 42. The privilege specifically covers communications between supervisors or managers and the employees, in this case between Ilisa Martinez and Hiram Delgado. In *Acevedo Santiago,* 96 J.T.S. 42, the privilege was extended to the writing of a termination letter sent to the employee, but not published to third parties. The privilege does not cover a non-supervisory employee, such as Mario Candis; however, Candis was at the meeting upon invitation by the Plaintiff himself, who is authorized to have a witness at disciplinary meetings under American Airlines regulations. Consequently, Plaintiff Ramirez de Arellano implicitly agreed to the publication as to the reasons for termination to Mr. Candis. Further, by the invitation extended by Plaintiff, the privilege was extended to Candis as a person possessing a legitimate interest in knowing the reasons for termination. *Porto v. Bentley,* 92 J.T.S. 275 (employee-employer defamation privilege extended to persons that have a legitimate interest in knowing reasons for termination); *see also Acevedo Santiago v. Western Digital,* 96 J.T.S. 42 (following *Porto v. Bentley* ).

All causes of action in the instant case are barred either because they are related to the termination of Plaintiff, which was adjudicated in the voluntary submittal of the matter to the arbitration procedure, or because they have been dismissed herein on the merits by the Court. Judgment of dismissal to be issued.

IT IS SO ORDERED.