Jose RAMIREZ–DE–ARELLANO, Marta Suarez De Ramirez De Arellano and the Conjugal Partnership Constituted By Them, Plaintiffs, Appellants,

v.

AMERICAN AIRLINES, INC., Defendant, Appellee.

No. 97–1508.

United States Court of Appeals, First Circuit.

Submitted Oct. 7, 1997.

Decided Dec. 22, 1997.

Carlos A. Del Valle Cruz on brief, for Plaintiffs, Appellants.

Luis D. Ortiz Abreu, Vivian Nunez, Hato Rey, PR, and Goldman Antonetti & Cordova on brief, for Defendant, Appellee.

Before STAHL, Circuit Judge, GODBOLD,* Senior Circuit Judge and CYR, Senior Circuit Judge.

STAHL, Circuit Judge.

Jose Ramirez de Arellano ("Ramirez"), together with his wife, child, and conjugal partnership, appeal from the district court's grant of summary judgment to American Airlines ("American") in this wrongful discharge and retaliatory dismissal action brought primarily under the Fair Labor Standards Act (FLSA) and Puerto Rico law.[1] After carefully reviewing the record and considering Ramirez's arguments, we conclude that the district court properly awarded sum-

---

* Of the Eleventh Circuit, sitting by designation.

1. Ramirez's original district court claims included the FLSA claim for retaliatory dismissal, an age discrimination claim under Puerto Rico law, claims for wrongful and retaliatory dismissal under local severance law, and a defamation claim.

Two of these claims are not included in the present appeal: the age discrimination claim, which Ramirez voluntarily dismissed, and the defamation claim, which the district court rejected on grounds of privilege.

mary judgment to defendant. We prefer, however, not to rely on that portion of the district court's order which gave *res judicata* effect to American's internal grievance procedure. Instead, we choose to affirm on the grounds that Ramirez was dismissed for just cause under Puerto Rico law and that Ramirez failed to set forth sufficient evidence to trigger a presumption of discrimination or retaliation on the part of American. *See Polyplastics, Inc. v. Transconex, Inc.,* 827 F.2d 859, 860–61 (1st Cir.1987) (explaining that an appellate court can affirm on any independent ground made manifest in the record).

American employed Ramirez from 1984–1997 as a ticket agent, and, later, as a baggage handler. After two written performance advisories, American terminated Ramirez, citing as reasons his failure to follow company time and attendance procedures and his attempt to circumvent company rules to his own benefit.

Following his dismissal, Ramirez submitted a written grievance to American, pursuant to the internal grievance procedure set forth in the employee handbook. American upheld the termination and denied Ramirez an appeal on the basis of tardy application. Ramirez subsequently filed suit in Puerto Rico district court, and now appeals the order of summary judgment rejecting the FLSA claim on the merits and all other claims under the doctrine of *res judicata. See Ramirez v. American Airlines Inc.,* 957 F.Supp. 359 (D.P.R.1997) (equating American's grievance procedure with a binding arbitration).

■ We review the award of summary judgment *de novo,* and draw all reasonable inferences in Ramirez's favor. *Grenier v. Vermont Log Bldgs., Inc.,* 96 F.3d 559, 562 (1st Cir.1996). The record is replete with documented illustrations of Ramirez's performance problems and repeated failure to follow American's policies and procedures. Moreover, American had given Ramirez two official advisories prior to his dismissal. Thus, there can be no basis for inferring that American's stated reason for the discharge was wrongful or pretextual under federal law.

■ The result is no different under Puerto Rico law, which provides that an employee is not entitled to statutory wrongful discharge indemnity if the employee was terminated for just cause. P.R.Laws Ann. tit. 29 § 185a *et seq.*

Under Puerto Rico law, just cause for dismissal includes repeated violations of the employer's rules and regulations, provided that, as here, the employee has been provided with a written copy of the relevant policies and procedures. *See* P.R. Laws Ann. tit. 29 § 185b; *see also Menzel v. Western Auto Supply Co.,* 662 F.Supp. 731, 744 (D.P.R. 1987), *aff'd,* 848 F.2d 327 (1st Cir.1988). As noted above, the record here admits of only one conclusion: Ramirez's repeated transgressions of company policy and procedures provided American with just cause for termination. Summary judgment was, therefore, properly granted to the defendant.

Although summary judgment was properly awarded, we have some doubt about the district court's ruling that American's internal company grievance procedure, set forth in its employee handbook, is the legal equivalent of binding arbitration and, therefore, bars judicial resolution of potential statutory and constitutional claims. As Ramirez points out, there is little in the way of back and forth bargaining between a company and its employees when an employment handbook is created, making this situation distinguishable from the arbitration provisions of a collective bargaining agreement. This is especially so where, as here, the handbook expressly provides that it is not a contract between the parties and is subject to unilateral amendments by American at any time.

■ Although the district court was correct in noting the existence of a strong federal policy favoring arbitration, the threshold question for review must always be whether the agreement to arbitrate was, indeed, voluntary and intentional. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 3353–54, 87 L.Ed.2d 444 (1985). Given the apparently unilateral and adhesive nature of American's employee handbook, we do not embrace the argument that Ramirez voluntarily waived

his right to pursue his claims in federal court.[2]

■ Moreover, we have strong concerns about the fundamental fairness of giving preclusive effect to the particular grievance procedure in this case. Arbitration proceedings must meet "the minimal requirements of fairness—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator." *Sunshine Mining Co. v. United Steelworkers*, 823 F.2d 1289, 1295 (9th Cir. 1987) (internal quotations and citations omitted); *Bowles Fin. Group, Inc. v. Stifel, Nicolaus & Co., Inc.*, 22 F.3d 1010, 1013 (10th Cir.1994).

First, with respect to notice, we are not convinced that Ramirez's application for a hearing was appropriately denied for untimeliness because it appears that American may have been equally, if not more, to blame for the late filing. Second, there was no opportunity for discovery. *See Hoteles Condado Beach v. Union De Tronquistas Local 901*, 763 F.2d 34, 39 (1st Cir.1985)(instructing that an arbitrator must afford each party an adequate opportunity to present both evidence and argument); *see also Williams v. Katten*, 1996 WL 717447, at *4–5, (N.D.Ill. Dec. 9, 1996) (discussion of the permissible parameters of limited discovery in an arbitration proceeding). Third, the decision maker was not a disinterested party, but rather, an American managerial employee. *See Employers Ins. of Wausau v. National Union Fire Ins. Co.*, 933 F.2d 1481, 1491 (9th Cir.1991)(stipulating that fair arbitration proceedings must include non-biased decisionmakers). Finally, the record reveals that Ramirez was actually denied any review by a hearing officer or panel, which, following the district court's analysis, effectively rendered all of his claims *res judicata* on the basis of one manager's view.[3]

Because American had ample just cause to terminate Ramirez's employment and Ramirez presented insufficient evidence to raise an inference of discrimination or retaliation, we uphold the award of summary judgment to American.

*Affirmed.* No costs.

---

2. We note that two other Circuits have recently addressed this issue. In *Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d 756 (9th Cir.1997), the Ninth Circuit held that signing an acknowledgment form which provided that the employee agrees to "read and understand" a revised employee handbook did not serve to bind the employee to the handbook's internal grievance provisions. *Id.* at 761. The Ninth Circuit reasoned that:

> Merely signing the form did not in any way constitute a 'knowing agreement to arbitrate,' and thereby to surrender [the employee's] statutory right [under the ADA] to a judicial forum … Any bargain to waive the right to a judicial forum for civil rights claims, including those covered by the ADA, in exchange for employment or continued employment, must at least be express: the choice must be explicitly presented to the employee and the employee must explicitly agree to waive the specific right in question. *Id.* at 761–62 (internal quotations and citations omitted).

Similarly, the Eighth Circuit recently instructed that the absence of such an express waiver precludes a finding that there has been a knowing agreement. *See Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 835 (8th Cir.1997). The *Patterson* court upheld the employee handbook arbitration provision because the arbitration clause was both separate and distinct from other provisions in the handbook and was introduced by the heading, "IMPORTANT! Acknowledgment Form." *Id.* Unlike other provisions within the handbook, the arbitration clause used contractual language, such as "I understand" and "I agree." *Id.* Moreover, the form was signed by the employee, removed from the handbook, and given to the Human Resources Department to be stored in the employee's personnel file. *Id.* It was only because the court deemed these actions *in toto* sufficient to render the arbitration clause "separate and distinct" from the remainder of the handbook, that the court held that the internal grievance and arbitration clause constituted an enforceable contract. *Id.*

3. This is a distinctly different scenario from *Garcia v. American Airlines, Inc.*, 673 F.Supp. 63 (D.P.R.1987), the case upon which the district court relied for its *res judicata* ruling. In *Garcia*, the employee utilized step two of American's grievance procedure and, while represented by counsel, had an opportunity to appeal his dispute to a stateside hearing officer. *Id.* at 66. In contrast, Ramirez was denied any opportunity to present his claims to a hearing officer (step two) or panel (step three); he simply spoke with the General Manager, and was denied any further appeal.