**MMI PRODUCTS INC., Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Liberty Bond Services, Defendants.**

No. Civ. 98–1409(DRD).

United States District Court,
D. Puerto Rico.

Feb. 26, 1999.

Maria Bobonis–Zequeira, Woods & Woods, San Juan, PR, for plaintiff.

David P. Freedman, O'Neill & Borges, Hato Rey, PR, for defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the court is defendant Liberty Mutual Insurance Company's (Liberty) Motion to Stay or Dismiss filed on July 23, 1998. (Docket No. 3). On September 4, 1998, plaintiff MMI Productions Inc.(MMI), filed an Opposition to Defendant's Motion. (Docket No. 6). Defendant submitted a reply on September 28, 1998. (Docket No. 8). Defendant maintains that, under the *Colorado River* doctrine, the present action should be stayed or dismissed to allow a pending action in the courts of the Commonwealth of Puerto Rico to resolve the claim raised herein. After consideration of the parties' submissions, defendant's motion is DENIED.

## I. FACTUAL BACKGROUND

On November 1995, Empresas Inabón, Inc., (Inabón) and the Puerto Rico Highway Authority (the Authority) entered into a contract for the Federal Project Number IM–58(8) to make improvements on road PR–52 between Juana Díaz and Ponce (the project). On November 29, 1995 defendant Liberty executed and delivered to the Authority a payment bond (# 20–000–300) for the amount of $2,879,482.20. Inabón thereafter subcontracted Leafar Construction Corp. (Leafar). On May 23, 1996, Inabón placed a purchase order with MMI for steel reinforcing dowels and other materials for the project at a purchase price of $795,310.97. MMI delivered $262,212.58 worth of materials to said project. Inabón subsequently defaulted on the project and became a Chapter 11 debtor. On September 20, 1996, MMI advised Liberty of Inabón's breach of the contract with MMI. MMI maintains that the remaining materials in the order were available at MMI's

warehouse, and already belonged to Inabón, but were not delivered pursuant to Inabón's request.

On October 2, 1996, MMI sued Leafar in the Commonwealth of Puerto Rico Court of First Instance for the same order claiming $358,951.38. (Docket No. 6, Exhibit 1). Leafar thereafter impleaded Liberty and the Authority on November 25, 1996. (Docket No. 6, Exhibit 4). On October 16, 1997, MMI amended the complaint in the Commonwealth court action raising the claim to $793,310.97 amounting to the value of both the delivered and undelivered portions of the order. (Docket No. 6, Exhibit 2). On April 16, 1998, MMI filed a Second Amended Complaint reducing the damages claim to $533,098.39. (Docket No. 6, Exhibit 3). Liberty answered the third party complaint on March 13, 1997. (Docket No. 6, Exhibit 5). The Authority also answered the complaint and cross-claimed against Liberty on March, 25 1997. (Docket No. 6, Exhibit 6). On or about May 2, 1997, Liberty paid directly to MMI the sum of $262,212.58 pursuant to a partial settlement agreement. (Docket No. 6, Exhibit 13).

On April 17, 1998, MMI instituted the present action against Liberty claiming $533,098.39 representing the balance allegedly owed to it for said purchase order contract. (Docket No. 1). Liberty requests that the court grant a stay or dismiss this action pending resolution of the Commonwealth court litigation.

## II. DISCUSSION

Liberty maintains that due to the parallel proceedings in both Federal and Commonwealth courts, the court should, under the principles outlined in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483, *reh. den.* 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976), decline to exercise jurisdiction at least until the pending suit in local court is resolved. Liberty affirms that the two litigations involve the same operative facts and arise out of the same transaction. As such, Liberty argues, principles of comity as well as of wise judicial administration and conservation of judicial resources counsel in favor of staying or dismissing the present action.

Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction ..." *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910). Moreover, "[i]t is well settled that 'where a suit is strictly in personam, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation.'" *Rojas–Hernandez, v. Puerto Rico Electric Power Authority*, 925 F.2d 492, 496 (1st Cir.1991) (*quoting Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935)).

The Supreme Court, however, has carved out a narrow exception to the general rule in favor of concurrent jurisdiction to further sound principles of efficiency and judicial economy. In *Colorado River*, the Court stated that in certain circumstances, the district court should withhold from exercising jurisdiction over a case which was concurrently being litigated in state court. *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236. The Court noted that this exception was based on "principles unrelated to considerations of proper constitutional adjudication and regard to federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.*

Nevertheless, the Court has made clear that this exception was to be used in limited circumstances in light of the "virtually unflagging obligation" of federal courts to hear cases over which they have jurisdic-

tion. *Id.* The Court acknowledged in *County of Allegheny v. Frank Mashuda Co.*, the following:

> "[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." 360 U.S. 185, 188–189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163, 1166 (1959).

Moreover, "the circumstances permitting a district court to dismiss a case under the *Colorado River* doctrine 'are considerably more limited than the circumstances appropriate for abstention.'" *Villa Marina Yacht Sales, Inc., v. Hatteras Yachts*, 915 F.2d 7, 13 (1st Cir.1990) (*quoting Colorado River*, 424 U.S. at 818, 96 S.Ct. 1236). Thus under this exception "[o]nly the clearest justification will warrant dismissal." *Colorado River*, 424 U.S. at 819, 96 S.Ct. 1236. This decision whether to surrender jurisdiction is "necessarily left to the discretion of the district court in the first instance ... and the district court's decision may be reversed only for an abuse of that discretion ... such discretion must be exercised under ... *Colorado River*'s exceptional circumstances test." *Villa Marina*, 915 F.2d at 12–13 (*internal quotations omitted*).

■ The *Colorado River* Court set out four factors to be weighed in determining the applicability of this exception: 1) whether property (res) was the object of the litigation; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; and 4) the order in which jurisdiction was obtained by the concurrent forums. *Colorado River*, at

818, 96 S.Ct. 1236; *Rojas–Hernandez*, 925 F.2d at 496. The Court in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25–26, 103 S.Ct. 927, 941–942, 74 L.Ed.2d 765 (1983), added two additional elements to be considered: 5) whether federal or state law controls, and 6) whether the state forum will adequately protect the interests of the parties.

In balancing the different elements, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818–819, 96 S.Ct. 1236. The district courts, however, must accord "weight to the heavy presumption favoring the exercise of jurisdiction." *Villa Marina*, 915 F.2d at 13; *See also American Bankers Ins. Co. v. First State Ins. Co.*, 891 F.2d 882, 885 (11th Cir.1990) (reversing stay because district court failed to give sufficient regard to the presumption); *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir.1988) (reversing dismissal because district court, among other reasons, failed to "heavily weight" the presumption); *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir.1986) (reversing dismissal because district court gave "no weight" to the presumption).

■ In the instant case, the balance of the factors does not weight in favor of a stay or dismissal of the federal claim. Since, as defendant admits, the present action does not involve the disposition of property (this is not an action *in rem* ), the first of the *Colorado River* factors does not counsel against jurisdiction. The second factor, the inconvenience of the federal forum, also fails to weigh against jurisdiction. Here the federal forum is no less convenient than the state forum since both courts are located in the same district.[1] *Rojas–Hernandez*, 925 F.2d at 494.

---

1. While it may be "inconvenient" for the par-  ties to litigate in two courts actions arising

The third and fourth factors, while at first glance tend to favor Liberty, on further scrutiny they ultimately do not weigh in favor of stay of dismissal. The third factor set out in *Colorado River*, avoiding piecemeal litigation, does not counsel against the exercise of jurisdiction. In this case, the court finds that both the state and federal suits derive from the same transaction; MMI's causes of action are similar, if not identical, to those in the Commonwealth court; and similar issues of law and fact are pending in both the federal and local courts. As such, Litigating MMI's claim against Liberty in federal court when Liberty has been impleaded in the local court action will no doubt result in duplication and a less than ideal allocation of judicial resources. Nevertheless, under the *Colorado River* doctrine, "such inefficiency as results merely from a duplication of effort will not, by itself, justify the surrender of federal jurisdiction. Rather, the narrow exception exists only where piecemeal adjudication gives rise to special complications," *Rojas–Hernandez*, 925 F.2d at 496, such as the federal policy favoring the avoidance of piecemeal adjudication and disposition of water rights on a stream system "the relationship among which are highly interdependent." *Colorado River*, 424 U.S. at 819, 96 S.Ct. 1236. Merely that two courts would otherwise be deciding the same or similar issue is insufficient to warrant a stay or dismissal. *Villa Marina*, 915 F.2d at 16. "[S]omething more than a concern for judicial efficiency must animate a federal court's decision to give up jurisdiction." *Id.*

The fourth *Colorado River* factor, the order in which jurisdiction was obtained by the courts, also does not favor relinquishing federal jurisdiction. In this case, MMI filed suit in the local court against Leafar on October 1996. Liberty was impleaded on November 1996. This was well before the federal action commenced in April 1998. Liberty argues, in addition, that discovery in the Commonwealth court is at "a more advanced stage." These facts alone, however, are insufficient to counsel staying or dismissing the present action. First, the fact that the state court action was filed first does not, by itself, preclude the exercise of jurisdiction by this court, even if the suits deal with the same claims or issues. *McClellan v. Carland*, 217 U.S. at 282, 30 S.Ct. 501. ("both the state and Federal courts have certain concurrent jurisdiction over [proceedings concerning the same matter] ... and the cause [may be] carried to judgment, notwithstanding a state court may also have taken jurisdiction of the same case.").

Moreover, even if discovery in the state court were as advanced as Liberty maintains, this fact alone simply is not sufficient to meet the "exceptional circumstances" test of the *Colorado River* doctrine. *See Moses H. Cone*, 460 U.S. at 2, 103 S.Ct. 927 ("exceptional circumstances" test used for determining propriety of the district court's decision to defer to parallel litigation brought in state court). This is especially true in view of the fact that the other five factors do not counsel in favor of a stay or dismissal. The court, however, does not consider the level of discovery conducted in the local court to be "well advanced." As MMI asserts (and Liberty does not refute in it reply), no discovery has been conducted between these two parties. (Docket No. 6, p. 2; Docket No. 8, p. 2). Leafar has submitted various interrogatories, one of which was answered by Liberty, and MMI has conducted at least one deposition. (Docket No. 3, p. 3). Liberty makes no credible argument, and the court finds none, which would suggest that the current level of discovery at the local court should tip the scales towards a stay or dismissal. *Cf. Villa Marina*, 915 F.2d at 15 (left for district court to

out of the same facts, the issues of duplicative and piecemeal litigation are considered in the

third of the *Colorado River* factors.

decide whether numerous depositions and a three day hearing "represent progress that should count in the balance toward dismissal."); *Nakash v. Marciano,* 882 F.2d 1411, 1415 (9th Cir.1989) (found that after 70 hearings and 100 depositions, "[t]he state case has progressed far beyond [the federal] case, indicating that it would be highly inefficient to allow the federal litigation to proceed.").

The first of the factors added by the Court in *Moses H. Cone,* also fails to tip the scales against the exercise of jurisdiction. First, while this case involves issues of Commonwealth law, "the same would be true of any case in which federal jurisdiction is based on diversity." *Id.* at 496. "While noting that 'the presence of federal-law issues must always be a major consideration weight against surrender,' the [*Moses H. Cone* ] Court stated that only in 'rare circumstances will the presence of state-law issues weight in favor of that surrender.'" *Id.* (*quoting Moses H. Cone,* 460 U.S. at 26, 103 S.Ct. 927). "Courts generally have agreed that rare circumstances exist only when a case presents 'complex questions of state law that would best be resolved by a state court.'" *Villa Marina,* 915 F.2d at 15 (*quoting American Bankers Ins. Co. of Florida v. First State Ins. Co.,* 891 F.2d 882, 886. No such exceptional circumstances are involved here since the instant case involves straightforward claims under Puerto Rico contract law. No complex issues of state law (such as the disposition of water rights in a river system present in *Colorado River* ) are before the court in the instant action. As such, this factors does not counsel against the exercise of jurisdiction.

The second factor added in *Moses H. Cone,* the adequacy of the state forum, "operates against surrender of jurisdiction only where the state forum may not be adequate to adjudicate the claims." *Rojas–Hernandez,* 925 F.2d at 496. Since no such claim that the state court is inadequate has been made, this factor does not argue in favor of the exercise of jurisdiction by the federal court. However, neither does it counsel against it. Even granting this criteria to defendant, the overall balancing of the remaining elements favors the retention of federal jurisdiction.

In balancing the different factors set forth in *Colorado River* and *Moses H. Cone,* the court notes the Supreme Court's emphasis on the fact that "our task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone,* 460 U.S. at 25–26, 103 S.Ct. 927.

The court finds that the "heavy presumption"[2] favoring jurisdiction has not been overridden in this case. No such exceptional circumstances are present in the instant case, which clearly ("clearest justification")[3] warrant a stay or dismissal. Accordingly, Liberty's Motion to Stay or Dismiss (Docket No. 3) is hereby DENIED. Defendant is to answer the complaint within twenty (20) days from the date of this Order.

IT IS SO ORDERED.

**2.** *Villa Marina,* 915 F.2d at 13 (a liberal approach to dismissal is "inconsistent with the *Colorado River* requirements that the balance be 'heavily weighted in favor of the exercise of jurisdiction.' " *quoting Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. 927.).

**3.** *Colorado River,* 424 U.S. at 819, 96 S.Ct. 1236.