

Francisco M. Dolz–Sanchez, Hato Rey, P.R., for Isamar Irizarry Pérez.

Antonio Guocchi Fraaco, Hato Rey, P.R., for Mitsubishi Motors Corp.

### OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is defendant Mitsubishi Motors Corporation's (MMC) unopposed motion to stay proceedings in light of parallel litigation in the Superior Court of Puerto Rico, Bayamón Part. Plaintiff's inertia notwithstanding, we proceed independently to review the merits of defendant's motion. Plaintiff Isamar Irizarry Pérez (Irizarry) has brought suit in both local court and federal court alleging negligence in the design, manufacture and installation of a safety belt in her Mitsubishi automobile. Plaintiff first brought suit in the Superior Court of Puerto Rico, on June 28, 1990, against MMC (the manufacturer), Mitsubishi Motor Sales of Caribbean, Inc. (the distributor) and Charlie Auto Sales, Inc. (the dealer). On July 2, 1990, Irizarry filed an identical complaint before this Court solely against MMC. The Court determines that, for the following reasons, a stay of this action is not warranted.

Defendant's motion does not raise any of the traditional abstention categories,[1] rath-

**Isamar IRIZARRY PÉREZ, Plaintiff,**

v.

**MITSUBISHI MOTORS
CORPORATION,
Defendant.**

**Civ. No. 90–1905 HL.**

United States District Court,
D. Puerto Rico.

Feb. 26, 1991.

---

1. *See, e.g., Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) (discussing the possible mootness of fed-eral constitutional issues in light of state court determination of pertinent state law); *Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S.

er it concerns principles which govern the contemporaneous exercise of concurrent jurisdiction. These principles, first articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), are grounded in considerations of " '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). In enunciating this fourth "abstention" category, the Court in *Colorado River* emphasized that "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding ... are considerably more limited than the circumstances appropriate for [traditional] abstention." *Id.* at 818, 96 S.Ct. at 1246. The Court warned of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *id.* at 817, 96 S.Ct. at 1246, and stated that "[o]nly the clearest of justifications will warrant dismissal." [2] *Id.* at 819, 96 S.Ct. at 1247.

With this in mind, the Court in *Colorado River* outlined four very narrow factors to guide courts faced with overlapping state proceedings. These factors are: (1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation and (4) the order in which jurisdiction was obtained. *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246. The Court elaborated on the *Colorado River* doctrine in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and added two more elements: (5) whether federal or state law controls and

(6) whether the state court will adequately protect the interests of the parties. *Cone*, 460 U.S. at 23–26, 103 S.Ct. at 941–942. These factors, known as the exceptional circumstances test, *see Cone*, 460 U.S. at 19, 103 S.Ct. at 938, are not to be viewed as a "mechanical checklist," *Cone*, 460 U.S. at 16, 103 S.Ct. at 937, nor is "one factor [ ] necessarily determinative." *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246. Rather, courts must proceed with a "careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Cone*, 460 U.S. at 16, 103 S.Ct. at 937.

At the outset, we note that three factors cited by the Supreme Court have no significance here. This case involves no property and neither forum is more convenient than the other—the courts are only a few miles apart. Third, that the commonwealth action was filed first is also of little importance. The priority of filing—here a mere weekend apart—is to be applied flexibly with an eye toward the relative progress of each suit, rather than adhering to a strict chronological determination. *Cone*, 460 U.S. at 21, 103 S.Ct. at 939; *Villa Marina Yacht Sales v. Hatteras Yachts*, 915 F.2d 7, 15 (1st Cir.1990). Although the action in this Court has not progressed beyond the initial pleadings, the Court cannot say that the proceedings in the local court are substantially more developed. MMC argues that the local court has set a discovery schedule and that some of the parties have begun to exchange interrogatories. This is not indicative of an appreciable advancement that might counsel against this Court's exercise of jurisdiction. Cases where the progress of a state action contributed to a decision to abstain are easily distinguished. *See, e.g., Nakash v. Marciano*, 882 F.2d 1411, 1413 (9th Cir.1989) (state action commenced four years before

25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959) (abstention of federal review where important questions of state policy with substantial public concern are at stake); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (abstention where federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings).

**2.** The practical effect of a stay in the context of abstaining due to duplicative litigation in the state court is to dismiss the federal action. *See* 17A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4247 (1988).

federal suit and involved 70 hearings, 100 depositions, the production of 300,000 documents and the issuance of numerous substantive orders); *Telesco v. Telesco Fuel and Masons,* 765 F.2d 356, 363 (2d Cir. 1985) (state action commenced five years prior to federal suit and involved "substantial costly discovery involving a $122,000 audit ... and several interlocutory decisions").

The two factors articulated by the Supreme Court in *Cone* are also inapplicable here. Although both cases involve issues governed by commonwealth law, this does not militate against the Court's exercise of jurisdiction. While the presence of a federal law issue can strongly influence a court to maintain jurisdiction, the converse is not true. As the First Circuit recently stated, "[t]he mere fact that the outcome of the case is governed by state law does not warrant dismissal—to hold otherwise would undermine the purpose and reach of federal diversity jurisdiction." *Damaris Gonzalez v. Migdalia Cruz,* 926 F.2d 1, 5 (1st Cir.1991). It is only in "rare circumstances [that] the presence of state-law issues may weigh in favor of ... surrender" of jurisdiction. *Cone,* 460 U.S. at 26, 103 S.Ct. at 942. It is generally agreed that rare circumstances exist only when a case contemplates novel or complex questions of state law. *See Villa Marina,* 915 F.2d at 15; *American Bankers Ins. Co. v. First State Ins. Co.,* 891 F.2d 882, 886 (11th Cir. 1990); *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.,* 800 F.2d 325, 328 (2d Cir.1986). Plaintiff's case here is a relatively straight forward tort action involving no unique questions of commonwealth law.

The second factor discussed in *Cone* concerning the adequacy of the state court is similarly inapplicable. Like the source of law element, this factor is relevant only where the state proceeding is inadequate, thereby operating against the surrender of jurisdiction. A state forum, however, that adequately protects the rights of the parties—as MMC itself admits is the situation here—is no bar whatsoever to the exercise of federal jurisdiction. *See Heibert Rojas–Hernandez v. Puerto Rico Electric Power Authority,* 925 F.2d 492, 496 (1st Cir.1991).

The remaining factor to be considered is the possibility of piecemeal adjudication. Identical issues between the same parties are currently being litigated in local court, making the instant action largely duplicative. Indeed this is not the exemplar of judicial efficiency. Nevertheless, as Judge Campbell noted, "inefficiency [that] results merely from a duplication of effort will not, by itself, justify the surrender of federal jurisdiction. Rather, the narrow exception exists only where piecemeal adjudication gives rise to special complications." *Heibert Rojas–Hernandez,* at 496. There must be some "exceptional basis" for deferring to a state proceeding where a court is concerned with the avoidance of piecemeal litigation. *Villa Marina,* 915 F.2d at 16. In *Colorado River,* the exceptional basis lay in the policy in question which was specifically created to avoid the piecemeal adjudication of water rights. No such policy exists here. Nor would inconsistent outcomes in these proceedings give rise to harsh or significantly prejudicial results that otherwise might warrant a stay. *See, e.g. Liberty Mutual Ins. Co. v. Foremost–McKesson, Inc.,* 751 F.2d 475, 477 (1st Cir.1985) (discussing, albeit under the relaxed standard of a declaratory judgment, the potential for a litigant to be left without insurance coverage after having already paid premiums). This federal action merely involves "the routine inefficiency that is the inevitable result of parallel proceedings," *Villa Marina,* 915 F.2d at 16, and lacks any of the special concerns contemplated by the Supreme Court in *Colorado River.* Thus, defendant's argument that the Court should surrender jurisdiction in order to avoid piecemeal adjudication is without merit.

WHEREFORE, there being no exceptional circumstances present to outweigh this Court's obligation to exercise jurisdiction, defendant's motion to stay this action is hereby denied.

IT IS SO ORDERED.