Rosado FIGUEROA et al., Plaintiffs,

v.

CHRYSLER CORPORATION et al., Defendants.

No. 3:99CV992079(DRD).

United States District Court, D. Puerto Rico.

Dec. 7, 1999.

**OPINION AND ORDER**

DOMINGUEZ, District Judge.

Pending before the Court is Chrysler Corporation and Chrysler International Corporation's Motion to Dismiss Plaintiffs' complaint under the *Colorado River* doctrine of abstention and for failure to join all necessary parties under FEDERAL RULE OF CIVIL PROCEDURE 19 (Docket No. 5). For the reasons set forth herein, Defendants' Motion is **DENIED**.

### I.

### Relevant Facts

This action involves Plaintiffs' claim for damages suffered as a result of a motor vehicle accident which occurred on September 28, 1997, when the brakes on Plaintiffs' 1996 Dodge Caravan allegedly failed. On September 28, 1998, Plaintiffs brought the present action against Defendants to seek liability for damages allegedly caused by a manufacturing defect in the Dodge Caravan's breaking system. Plaintiffs invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332. Thereafter, on October 5, 1998, Plaintiffs commenced an action in Puerto Rico's local courts against the dealer who sold them the Dodge Caravan, Alberic Colón Auto Sales, Inc., Triangle Dealer; and against Western Auto Supply Company. Defendants in the present case were not originally included as defendants in the state court case. Notwithstanding, on January 26, 1999, Alberic Colón Auto Sales, Inc. filed a Third–Party Complaint in the local action against Chrysler International Corporation, thus impleading Chrysler so that the manufacturer would respond directly to Plaintiffs in the local action. Chrysler was served with the federal complaint on February 4, 1999, and with the local complaint on February 24, 1999. Discovery proceedings have begun in the local action.[1]

Miguel A. Diaz–Irizarry, Ponce, PR, pro se.

---

1. As of June 4, 1999, four interrogatories had been submitted, one of which had been an-

Defendants in this action seek dismissal of Plaintiffs' complaint on two related grounds. Defendants argue that the Court should abstain to exercise its jurisdiction under principles of "wise judicial administration" and the factors set forth by *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Moses H. Cone v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Defendants alternatively argue that the federal cause of action must be dismissed because necessary parties sued in the local action have not been included in the federal case, thus promoting piecemeal litigation and the unnecessary expenditures of litigating the same claim twice.

## II.

## Abstention

It is most true, that this court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction, it if should. The judiciary cannot, as the legislature may, avoid a measure, because it approaches the confines of the Constitution. [ . . . ] With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution.

*Cohens v. Virginia*, 6 Wheat. 264, 19 U.S. 264, 5 L.Ed. 257 (1821).

swered, but none had been submitted or answered by Chrysler. Docket No. 7, pg. 5.

**2.** Though it was not until 1941 that the doctrine of abstention was recognized by the Supreme Court of the United States, *see Texas v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), as early as 1939 the Supreme Court had already recognized qualifications to the rule established by *Cohen v. Virginia*. In *Massachusetts v. Missouri*, 308 U.S. 1, 19, 60 S.Ct. 39, 43, 84 L.Ed. 3 (1939) the Court stated: "We have observed that the broad

## A. Standards for abstention

Federal courts "have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). *See also England v. Louisiana Bd. of Medical Examiners*, 375 U.S. 411, 415, 84 S.Ct. 461, 464–465, 11 L.Ed.2d 440 (1964); *Rojas–Hernandez v. Puerto Rico Elec. Power Auth.*, 925 F.2d 492 (1st Cir.1991); *Villa Marina Yacht Sales Inc. v. Hatteras Yachts*, 915 F.2d 7 (1st Cir.1990); *MMI Products Inc. v. Liberty Mutual Ins. Co.*, 39 F.Supp.2d 135, 136–37 (D.P.R.1999) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). This duty, however, is not without exceptions.[2] Indeed, the Supreme Court of the United States has long recognized that a federal court may decline to exercise its jurisdiction when it "is asked to employ its historic powers as a court of equity" and there are "exceptional" and "narrow" circumstances under which "denying a federal forum would clearly serve an important countervailing interest." *Quackenbush*, 517 U.S. at 714–731, 116 S.Ct. at 1720–1727. Accordingly, the Supreme Court has allowed federal courts to decline exercising their jurisdiction in cases **at equity** "where abstention is warranted by considerations of 'proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise judicial administration.'" *Quackenbush*, 517 U.S. at 716, 116 S.Ct. at 1721, citing *Colorado River*, 424 U.S. at 813, 96 S.Ct. at 1244.[3]

■ The Supreme Court, however, has been extremely restrictive in allowing fed-

statement that a court having jurisdiction must exercise it (see *Cohens v. Virginia*, 6 Wheat. 264, 404, 5 L.Ed. 257 (1821)) is not universally true but had been qualified in certain cases where the federal courts may, in their discretion, properly withhold the exercise of jurisdiction conferred upon them where there is no want of another suitable forum."

**3.** Following these principles the Supreme Court has held that federal courts have the power to refrain from exercising their juris-

eral courts to dismiss cases **at law** under principles of abstention. In fact, in *Quackenbush* the Supreme Court specifically limited its precedents in this area to cases in which federal courts are asked to provide some form of discretionary relief.[4] And in *Moses H. Cone* the Court cautioned that "our task in such cases is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional circumstances,' ... justify[ing] the *surrender* of that jurisdiction." 460 U.S. at 25–26, 103 S.Ct. at 941–942, as quoted in *Rojas Hernandez*, 925 F.2d at 497. Thus, as a general rule the Supreme Court has not allowed federal courts to dismiss actions for damages by invoking the doctrine of abstention.[5]

▮ Furthermore, the First Circuit Court of Appeals has advised that a distinction must be made "between the problems created by piecemeal adjudication

and the mere duplication of proceedings." *Rojas–Hernandez*, 925 F.2d at 496. Only where there is a "significant potential for prejudice from piecemeal litigation" should a federal court abstain from exercising its jurisdiction. *Id.* at p. 497. Judgement in one case may be *res judicata* in the other, thereby ensuring consistency. On the other hand, even if the cases are resolved inconsistently, inconsistent results would not result in further litigation nor would it produce results so harsh that surrendering jurisdiction would be justified. *Id.*

## B. Application of Abstention Standards to Facts

▮ Defendants argue that the case at bar should be dismissed pursuant to the principles set forth by *Colorado River* and *Moses H. Cone v. Mercury*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).[6] Defendants, however, have neglected to address the differences between a case seeking a discretionary remedy and a case seeking a

diction in cases where doing so would interfere with a pending state criminal proceeding or with certain types of state civil proceedings; where the resolution of a federal constitutional issue might be mooted or presented in a different posture by a state court determination of pertinent state law; where there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; where resolution by a federal court might unnecessarily interfere with a state system for the collection of taxes; where efforts in a federal court will be duplicative of a pending state proceeding; and where the balancing of certain factors weighs in favor of declining to exercise jurisdiction. *See Colorado River*, 424 U.S. at 816–817, 96 S.Ct. at 1245–1246; *Quackenbush*, 517 U.S. at 716, 116 S.Ct. at 1721; *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

4. "Under our precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary. Because this is a damages action, we conclude that the District Court's remand order was an unwarranted application of the Burford doctrine." *Quackenbush*, 517 U.S. at 731, 116 S.Ct. at 1728.

5. The Court acknowledged that federal courts have discretion to dismiss damages actions

under the common-law doctrine of *forum non conveniens* where the alternative forum is abroad. That fact, however, did not change the Court's abstention analysis since each of these doctrines is informed by different considerations. *Quackenbush*, 517 U.S. at 722–723, 116 S.Ct. at 1724. Under abstention analysis, the Court pointed out that Federal courts have only been allowed to abdicate federal jurisdiction in cases at law where vital state interests are involved in an ongoing state judicial (or administrative) proceeding, *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), *Chaulk Serv., Inc. v. Massachusetts Com'n*, 70 F.3d 1361 (1st Cir. 1995), or where a federal court's decision would interfere with proceedings or orders of state administrative agencies and the action involves "difficult questions of law" or the decision would be "disruptive of state efforts to establish a coherent policy", *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989).

6. In these cases the Supreme Court listed the following illustrative factors for federal courts to weigh in determining whether to resist exercising their jurisdiction: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piece-

remedy at law. This being a damages case, the remedy that the Court may issue is one provided by law. Consequently, the factors enumerated by *Colorado River* and *Moses H. Cone* are less forceful than the *Quackenbush* doctrine. Under *Quackenbush*, as has been discussed *supra*, this case may only be dismissed if Plaintiffs' claims involve vital state interests, complicated questions of state law, or a federal decision that disrupts state efforts to establish a coherent policy. As none of these situations is present, Plaintiffs claims cannot be dismissed pursuant to *Quackenbush*.

Further, this case does not present the customary situation where abstention is traditionally applied. Federal courts ordinarily abdicate federal jurisdiction over a particular controversy out of respect for a pending state proceeding begun before the federal action. This case, however, was instituted before the parallel state case was filed. Docket 5, pg. 2. *Chaulk Serv.*,

70 F.3d at 1368.[7] It would be highly inconsistent with the reciprocal principles of comity underlying federal-state relations if a federal claim had to be dismissed in order to give way to a state court proceeding filed after the federal proceedings are underway. "Put simply, *comity works both ways.*" *Id.* at 1369. (Emphasis in original).

Finally, the First Circuit's decision in *Rojas–Hernandez* precludes this Court from abstaining to exercise its jurisdiction simply because not doing so will result in "duplicative litigation". Nor can the Court stay the proceedings before it for doing so will, in effect, result in a surrender of federal jurisidiction.[8] Accordingly, Defendants' request that the case be dismissed on abstention principles is, hereby **denied.**[9]

## III.

### Failure to include indispensable party

In *Temple v. Synthes Corp.*, 498 U.S. 5, 111 S.Ct. 315, 112 L.Ed.2d 263

---

meal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' rights; and (7) the vexatious or reactive nature of the federal lawsuit. *See Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246–1247; and *Moses H. Cone Memorial Hospital v. Mercury Const.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The weight courts should provide to each particular factor varies according to each case, with the balance heavily weighted in favor of the exercise of jurisdiction. No one factor is necessarily determinative. In the end, the decision whether or not to surrender jurisdiction will be left to the discretion of the trial court. *Moses H. Cone*, 460 U.S. at 19, 103 S.Ct. at 938. *See also Elmendorf Grafica, Inc. v. D.S. America (East), Inc.*, 48 F.3d 46 (1st Cir.1995).

An examination of the factors enumerated above confirms that this Court should not abstain from exercising its jurisdiction in the instant complaint. Neither case involves the exercise of jurisdiction over a *res;* the federal forum is as convenient as the local forum; the possibility of piecemeal litigation is not strong enough to warrant abstention; the federal forum obtained jurisdiction earlier than the local forum; although state law controls both state and federal jurisdiction, the matter is not complicated nor is the court invading

"difficult" questions of state law; and the "friendly" third party complaint brought by the local defendants against Chrysler seems to be of a reactive nature.

7. Plaintiffs filed the federal action on September 28, 1999; the state action on October 5, 1998.

8. The First Circuit stated: "Because the district court's decision to delay the trial in the federal case until after the ending of a related proceeding in the courts of the Commonwealth of Puerto Rico may deprive the plaintiff of a federal forum in which to litigate his claim, and has led to unnecessary delay in the federal action, we hold that the order is, in effect, a surrender of federal jurisdiction ..." *Rojas–Hernandez*, 925 F.2d at 493.

9. Although an order to stay proceedings may be adequate in certain circumstances in order to avoid "inconsistent adjudications", *Quackenbush*, 517 U.S. at 731, 116 S.Ct. at 1723, *Rojas–Hernandez* advices otherwise. Absent "exceptional circumstances" the federal case should progress "without being linked to the status of the parallel case in commonwealth court, at least until a judgment is obtained in that case which would operate to preclude appellant's claim in federal court." 925 F.2d at 497.

(1990), a medical patient filed a federal court suit for products liability against a manufacturer and a state court suit for medical malpractice and negligence against a hospital and a doctor. Both actions arose out of the same facts and both actions sought compensation of the same damages, namely, compensation for damages suffered after the doctor implanted a "plate and screw device" in the patient's back and the "plate and screw device" broke inside of the patient's back. Like in this case, the federal suit defendant did not attempt to bring a third party complaint against the potential joint-tortfeasors. Instead, the federal suit defendant filed a motion to dismiss the complaint for failure to join necessary parties pursuant to FED.R. OF CIV.PROC. 19. The District Court in *Temple* dismissed the complaint after the plaintiff refused to join the doctor and the hospital as parties. The Fifth Circuit affirmed. Notwithstanding, the Supreme Court of the United States reversed quoting the well-settled rule that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." 498 U.S. at 7, 111 S.Ct. at 316. The Court found that the doctor and the hospital, as potential joint-tortfeasors, were merely permissive parties.

*Temple* controls the Court's decision in the case at bar. Chrysler is seeking dismissal of plaintiffs' complaint arguing that potential joint-tortfeasors have not been included as parties and that forcing Chrysler to litigate this case twice will result in duplicative litigation and duplicative costs. The indispensable parties argument, however, is the same once raised and rejected in *Temple*. Further, the fact that defendant will have to incur in duplicative litigation and duplicative costs has also been rejected as controlling. *See above for discussion on abstention; see also Rojas Hernandez*, 925 F.2d at 496–497; *Villa Marina Yacht Sales v. Hatteras Yachts*, 915 F.2d 7, 13 (1st Cir.1990) (staying or dismissing a duplicative federal lawsuit may avoid friction between jurisdictions, reduce inefficient use of judicial resources

and limit the financial burdens of litigants, but such a liberal approach is inconsistent with the *Colorado River* requirement that the balance be heavily weighed in favor of exercising jurisdiction); *Moses H. Cone*, 460 U.S. at 25–26, 103 S.Ct. at 941–42 (the court's task is not to find a substantial reason not to exercise jurisdiction, rather, the task is to ascertain whether there exist "exceptional" circumstances, the "clearest of justifications," that can suffice under *Colorado River* to justify the "surrender" of that jurisdiction). Consequently, defendants' motion to dismiss on grounds of failure to join indispensable parties is also **denied.**

## IV.

### Conclusion

This case does not warrant dismissal either on abstention principles or for failure to join indispensable parties. Defendants' motion to dismiss is **DENIED.**

IT IS SO ORDERED.