Jamie AMBROSE, et al., Plaintiffs,

v.

NEW ENGLAND ASSOCIATION OF
SCHOOLS AND COLLEGES,
INC., Defendant.

No. 99–CV–292–B.

United States District Court,
D. Maine.

March 24, 2000.

Ralph A. Dyer, Portland, ME, for Jamie
Ambrose, plaintiffs.

Margaret C. LePage, Pierce, Atwood,
Portland, ME, for New England Association of Schools and Colleges Inc, defendant.

## ORDER AND MEMORANDUM

GENE CARTER, District Judge.

Plaintiffs are graduates of Thomas College ("College"), where they had enrolled in a program leading to an Associates in Science—Medical Assistant Degree. They were unable to obtain or hold jobs as medical assistants after graduation. They then filed suit in state court against the College, *Jamie Ambrose v. Thomas College* (Kennebec Sup.Ct. Docket CV-99–81). Roughly three-and-a-half months later, Plaintiffs filed a separate suit, also in state court, against the New England Association of Schools and Colleges, Inc. ("NEASAC"), under the theory that NEASAC's accreditation of Thomas College amounted to negligent misrepresentation, intentional misrepresentation, and unfair trade practices under the Maine Uniform Deceptive Trade Practices Act, 10 M.R.S.A. § 1211 *et seq.* After filing the complaint against NEASAC, Plaintiffs moved to consolidate the two cases. This motion was rendered moot when NEASAC removed the case to this Court on diversity grounds. Before the Court is Plaintiffs' Motion for Abstention from Jurisdiction, in which they call on this Court to remand this case to state court, where they hope to consolidate it with the Thomas College case. For the following reasons, Plaintiffs' Motion will be **DENIED.**

### DISCUSSION

#### I.

Plaintiffs argue that the *Colorado River* doctrine offers the relevant grounds for abstention in this case. The Supreme Court in *Colorado River Water Conserva-*

tion *District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), created a narrow doctrine for district courts to stay or dismiss federal cases in deference to a parallel state court action.[1] Noting the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," 424 U.S. at 817, 96 S.Ct. 1236, the Court held that, in "exceptional circumstances," a federal court could dismiss or stay a case based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 15, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (quoting *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236 (other citation and internal quotation marks omitted)).

■ To determine whether exceptional circumstances exist, the Court must consider:

(1) whether either the federal or the state court has assumed jurisdiction over property;

(2) the inconvenience of the federal forum;

(3) the desirability of avoiding piecemeal litigation;

(4) the order in which the concurrent forums obtained jurisdiction;

(5) whether federal or state law controls (the "source-of-law" factor); and

(6) the probable inadequacy of the state-court proceeding to protect the parties' rights.

*See Colorado River,* 424 U.S. at 818, 96 S.Ct. 1236 (reciting the first four factors); *Moses H. Cone,* 460 U.S. at 25–26, 103

---

1. Plaintiffs have asked the Court to dismiss this action and remand it to state court. The Court has no power to remand under *Colorado River,* which allows courts to stay or dismiss certain actions in exceptional circumstances. *See Elmendorf Grafica, Inc. v. D.S. America (East), Inc.,* 48 F.3d 46, 50 (1st Cir. 1995). More specifically, in actions for damages, such as this one, the Court can only stay the action. *See DeMauro v. DeMauro,* 115

F.3d 94, 98 (1st Cir.1997) ("[T]he Supreme Court held that abstention, under *Burford* or otherwise, may be appropriate in suits for damages. But the Court further held that in a damages action, the district court may only order a stay pending resolution of state proceedings; it cannot invoke abstention to dismiss the suit altogether.") (discussing *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 116 S.Ct. 1712, 1728, 135 L.Ed.2d 1 (1996)).

S.Ct. 927 (providing the final two factors). Finally, courts in this circuit consider an additional factor: whether the motivation for the federal lawsuit is vexatious or reactive in nature. *See Elmendorf Grafica, Inc. v. D.S. America (East), Inc.,* 48 F.3d 46, 50 (1st Cir.1995). No one factor is determinative. *See Colorado River,* 424 U.S. at 818–19, 96 S.Ct. 1236 (citation omitted). In addition, because only exceptional circumstances will warrant an abdication of jurisdiction, a court must evaluate these factors "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. 927.

▮ It is unnecessary to apply the exceptional circumstances test in this case because there exists no parallel state court action. While the two suits need not have a perfect identity of parties and issues for the application of the *Colorado River, 96 S.Ct. 1236* doctrine, *see Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 947 F.2d 529, 533, 536 (1st Cir.1991) (citations omitted), *cert. denied,* 503 U.S. 986, 112 S.Ct. 1674, 118 L.Ed.2d 393 (1992), "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." *McLaughlin v. United Virginia Bank,* 955 F.2d 930, 935 (4th Cir.1992) (citation and internal quotation marks omitted); *see also Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1288 (7th Cir.1988) (same) (citation and internal quotation marks omitted). Even under this somewhat flexible standard, this case is not "parallel" to Plaintiffs' case against Thomas College. Although the point is not dispositive of the issue, each case involves a different defendant. Nonetheless, Plaintiffs assert that "[t]he suits against Thomas College and NEASAC both rest on key allegations that the medical assistant program does not achieve its stated purpose, that the College has not possessed the resources necessary to achieve the stated purpose of the program, that the quality of advertised opportunities for graduates of the medical assistant program do not exist, and that the

College lacks institutional integrity." (Plaintiffs' Motion for Abstention from Jurisdiction ¶ 14.)

Despite the similarity of the allegations against Thomas College and NEASAC, the two cases rest on different factual predicates and differing legal theories. Specifically, Plaintiffs contend that Thomas College "breached the promises in its course catalogs (including accreditation statements), advertising materials and oral representations[,] which promised an education qualifying the Plaintiffs for an entry level position as a medical assistant, and the College misrepresented the courses offered in the program." *Id.* at ¶ 10. Furthermore, Plaintiffs assert that the College failed to inform Plaintiffs that the American Association of Medical Assistants had not accredited the medical assistant program at Thomas College. Given these allegations, Plaintiffs assert claims for breach of contract, common law fraud, consumer fraud, negligent misrepresentation, and unjust enrichment *against the College.* NEASAC's failures, on the other hand, are alleged to have been its inadequate or nonexistent investigation of the "quality of the medical assistant program or its conformity with the accreditation standards." *Id.* at ¶ 12. These allegations, Plaintiffs contend, support their claims that *NEASAC* engaged in negligent misrepresentation, intentional misrepresentation, and unfair trade practices under the Maine Uniform Deceptive Trade Practices Act, 10 M.R.S.A. § 1211 *et seq.* Although Plaintiffs might prove the claims in both cases using some of the same witnesses and the same evidence in order to establish the same facts, the Court finds that, because the two cases involve different factual predicates and differing legal theories, they not parallel.

## II.

▮ Even if the Court were to conclude that the Thomas College case is a "parallel state proceeding" and apply *Colorado Riv-*

er's exceptional circumstances test, there are no such circumstances warranting a stay of the NEASAC case. Some of the factors that possibly warrant a finding of exceptional circumstances are not even at issue. First, the case does not involve any property over which this Court or the state court has assumed jurisdiction. Second, the federal forum in Bangor is not inconvenient, for it is only a short commute from Kennebec County, the site of the state proceeding involving the College. Third, the motivation behind the federal suit was not vexatious or reactive, since Defendants are not a party to any suit involving Plaintiffs in state court and are in this Court only after properly removing this case here.

With regard to the third factor, the desirability of avoiding piecemeal litigation, the First Circuit has stated that "[d]uplication and inefficiency are not enough to support a federal court's decision to bow out of a case over which it has jurisdiction." *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 915 F.2d 7, 13 (1st Cir. 1990). "The mere fact that the issue of liability will arise in both suits and that proof may be overlapping is not necessarily significant unless this fact, in a particular context, has the potential for unfairness or harm." *Gonzalez v. Cruz,* 926 F.2d 1, 4 (1st Cir.1991). In other words, there must be "some exceptional basis for requiring the case to proceed entirely in the [state] court." *Villa Marina I,* 915 F.2d at 16.

In support of their motion, Plaintiffs allege that if this case moves forward in this Court, two courts will hear the same evidence and the same witnesses, wasting judicial resources. As the First Circuit has made clear, however, duplication and inefficiency are insufficient reasons for this Court to abdicate jurisdiction over a case properly before it.

Second, Plaintiffs claim that, given the same Plaintiffs and issues in both cases, a "judgment in one case may create a *res judicata* bar or collateral estoppel in the second case." (Plaintiffs' Motion for Abstention from Jurisdiction ¶ 15.) Rather than counseling a stay, the fact that a judgment in one case may operate as *res judicata* in the other weighs in favor of retaining jurisdiction and dispels any fear of inconsistent verdicts. *See Rojas–Hernandez v. Puerto Rico Elec. Power Auth.,* 925 F.2d 492, 497 (1st Cir.1991) ("Judgment in one case may be *res judicata* in the other, thereby ensuring consistency").

Third, Plaintiff nonetheless claims that two cases could result in inconsistent verdicts. The Court, however, does not see how such a resolution is possible, since the two cases involve two different defendants who are subject to different claims. In *Rivera–Puig v. Garcia–Rosario,* 983 F.2d 311 (1st Cir.1992), the First Circuit ruled that courts avoid the problem of piecemeal litigation where "each case is self-contained and involves different parties and facts." *Id.* at 321 (involving a reporter who challenged the constitutionality of a local rule of criminal procedure in federal court at the same time the reporter's newspaper was challenging the same rule in state court). Furthermore, even if such an inconsistent outcome was somehow possible, the case does not involve any exceptional circumstances that could lead to unfair or harsh results. *See Rojas–Hernandez,* 925 F.2d at 496 (noting that the First Circuit gives "most weight to this factor where piecemeal litigation could severely prejudice one of the parties") (citations omitted).[2] In *Rojas–Hernandez,* the federal district court decided to delay a trial involving a father who sued for his own mental anguish as a result of his son's injuries pending the outcome of a state case brought by the mother and son

---

**2.** The First Circuit has found that such unfairness or harm exists where one court may interpret an insurance contract differently than the other court, leaving the insured "without significant liability insurance coverage from the insurers after years of paying premiums." *Liberty Mutual Ins. Co. v. Foremost–McKesson, Inc.,* 751 F.2d 475, 477 (1st Cir.1985).

seeking compensation for the son's injuries from the same defendant. *See id.* at 493. The First Circuit vacated the district court's order and remanded "with instructions that the federal case should progress without being linked to the status of the parallel case in [the state court]." *Id.* at 497. The Court concluded that "even if the cases are resolved inconsistently," there was no risk of a sufficiently harsh result warranting any delay on the part of the federal court. *Id.* The Court drew this conclusion while presumably recognizing that the federal court might find for the father while the state court might conclude that the defendant was not negligent with regard to the son. If such hypothetically inconsistent outcomes, putting aside any possible application of *res judicata* or collateral estoppel, would not severely prejudice the parties in that case, then certainly no such prejudice could result from inconsistent outcomes in Plaintiffs' cases against Thomas College and NEASAC.

Since none of Plaintiffs' concerns demonstrate that piecemeal litigation could result in unfair or harsh consequences, the Court concludes that this factor does not weigh in favor of staying this case.

Plaintiffs also contend that the order in which the concurrent forums obtained jurisdiction weighs in favor of staying the case. First and foremost, if, under this factor, Plaintiffs are comparing this case with the Thomas College case, such a comparison is inappropriate under this factor. "[T]he sequence in which the forums obtained jurisdiction is irrelevant because this litigation and [the state court case] are not identical." *Rivera–Puig*, 983 F.2d at 321 (arriving at such a conclusion because the two cases involved different plaintiffs and different defendants). Even if the Court were to set aside the differences in

the two cases and compare the order in which the forums obtained jurisdiction, the Supreme Court in *Moses H. Cone* advised courts to consider, in a "pragmatic, flexible manner," not the date on which the two cases were filed, but the extent to which progress has been made in the two actions. 460 U.S. at 21, 103 S.Ct. 927. Plaintiffs point out that discovery is nearly complete in the Thomas College case, and that Plaintiffs have provided NEASAC with the "discovery results" even though the NEASAC case has just begun. This point, however, does not support staying the federal action, for the information gathered in the depositions and other forms of discovery can be used in the NEASAC case in federal court. *Cf. Villa Marina I*, 915 F.2d at 15 ("It is unclear to us ... whether the depositions and hearing represent progress that should count in the balance toward dismissal.").[3]

The "source-of-law factor" also does not support abdicating jurisdiction. The Court can stay a case because of the presence of state-law issues only in "rare circumstances." *Moses H. Cone*, 460 U.S. at 26, 103 S.Ct. 927. "Courts generally have agreed that rare circumstances exist only when a case presents complex questions of state law that would best be resolved by a state court." *Villa Marina I*, 915 F.2d at 15 (citations and internal quotation marks omitted). The issues here present straight forward common law and statutory law. While it is true that this case involves the application of this law in a unique factual context, the Court concludes that the case does not involve any exceptional circumstances. Therefore, this factor weighs in favor of maintaining jurisdiction.

Finally, although neither party suggests that the state court could not adequately protect the interests of the parties, the

---

**3.** Furthermore, even if the Court were to find that the greater progress in the Thomas College case weighs in favor of a stay, such progress only amounts to one factor in favor of such an action. Since the Court must evaluate all factors "with the balance heavily weighted in favor of the exercise of jurisdiction," *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. 927, the Court concludes that such progress alone is insufficient to warrant a stay in this case.

Court concludes that such a factor, when weighed against all the other factors, does not favor staying this case.

### CONCLUSION

Having determined that this case is not parallel with the Thomas College case proceeding in state court, and, furthermore, that no exceptional circumstances warrant a stay of this proceeding, this Court declines to stay this case under the *Colorado River* doctrine. Therefore, Plaintiffs' Motion for Abstention from Jurisdiction is **DENIED.**

So **ORDERED.**